```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE MIDDLE DISTRICT OF GEORGIA
                        COLUMBUS DIVISION
```

```
ROWENA DANIELS,                   *
      Plaintiff,                  *
vs.                               *
                                           CASE NO. 4:23-cv-38 (CDL)
DOLLAR TREE STORES, INC. d/b/a    *
DOLLAR TREE and JOHN DOES #1-3,
                                  *
      Defendants.
                                  *
```

O R D E R

Defendant filed a motion for summary judgment. Plaintiff, apparently having conducted minimal discovery and concerned about being able to create a genuine factual dispute based solely on the Plaintiff's testimony, has filed a motion to dismiss this action without prejudice pursuant to Fed. R. Civ. Proc. 41(a)(2). Defendant opposes that motion, arguing that it has gone to great expense in this action and will be unfairly prejudiced if Plaintiff is allowed to dismiss this action and then re-file in the future. For the following reasons, Plaintiff's motion to dismiss this action without prejudice is denied. However, because it appears that neither party has complied completely with the discovery rules in this action, the Court will permit Plaintiff to file a motion pursuant to Federal Rule of Civil Procedure 56(d) to engage in narrowly tailored discovery to adequately respond to Defendants'

summary judgment motion. Plaintiff shall file any such motion within 14 days of today's order. Defendant's counsel will have 21 days to file a response.

## DISCUSSION

Because Defendant does not consent to Plaintiff's dismissal of her action without prejudice, this action may only be dismissed by court order "on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). Generally, such a dismissal would be without prejudice to the plaintiff, and should be granted unless the defendant can show that such dismissal would unfairly prejudice its rights. *See Pontenberg v. Boston Sci. Corp.*, 252 F.3d 1253, 1255 (11th Cir. 2001) ("[I]n most cases, a voluntary dismissal should be granted unless the defendant will suffer clear legal prejudice, *other than the mere prospect of a subsequent lawsuit*, as a result.") (quoting *McCants v. Ford Motor Co.*, 781 F.2d 855, 856-57 (11th Cir. 1986)).

Defendant argues that it will be unfairly prejudiced if Plaintiff, after discovery has been completed and a dispositive motion for summary judgment has been fully briefed, is allowed to avoid a summary judgment ruling by simply dismissing her action. Under the circumstances here, the Court finds that Defendant would be unfairly prejudiced if Plaintiff were allowed to dismiss this action at this stage without prejudice. But the Court also finds Plaintiff should be given an opportunity to adequately respond to

2

Defendant's summary judgment motion. Neither side is blameless for the current predicament, which arose as follows.

The briefing on Defendant's motion for summary judgment was complete on January 2, 2024. The following day, Plaintiff filed a motion to dismiss this action without prejudice. Plaintiff appears to contend that it was unable to adequately respond to Defendant's motion because Defendant failed to timely respond to Plaintiff's interrogatories and request for production of documents until after the close of the discovery period and after Defendant filed its motion for summary judgment. Plaintiff fails to adequately explain, however, why it did not pursue discovery diligently during the discovery period and file a timely motion to compel that complied with the applicable rules. A strong argument exists that Plaintiff finds itself in the present predicament because of counsel's lack of diligence. Plaintiff's counsel also offers no persuasive explanation as to why they did not take the deposition of the persons timely identified by Defendant in its initial disclosures.

Notwithstanding Plaintiff's counsel's lack of diligence, the Court is also concerned about Defendant's counsel's failure to follow the rules and timely respond to Plaintiff's discovery requests. Under these circumstances, the Court finds it just and proper to allow Plaintiff to file a motion pursuant to Federal Rule of Civil Procedure 56(d), stating precisely what specific

facts are unavailable to Plaintiff to allow Plaintiff to adequately respond to Defendant's motion for summary judgment and explaining exactly what specific discovery it requests in order to adequately respond to the motion.  Counsel's request should be narrowly tailored and not attempt to reopen all discovery.  Any such motion shall be filed within 14 days of today's order.

CONCLUSION

For the foregoing reasons, plaintiff's motion to dismiss this action without prejudice (ECF No. 18) is denied.  The Court will defer ruling on Defendant's motion for summary judgment, until it decides any motion by Plaintiff pursuant to Rule 56(d) to take additional discovery.  Failure to timely file such a motion will result in the Court deciding the motion for summary judgment in its present posture.

IT IS SO ORDERED, this 31st day of January, 2023.

S/Clay D. Land
CLAY D. LAND
U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA