IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| ROWENA DANIELS, | * |
| Plaintiff, | * |
| vs. | * |
| | CASE NO. 4:23-cv-38 (CDL) |
| DOLLAR TREE STORES, INC. d/b/a DOLLAR TREE, and JOHN DOES #1-3, | * |
| | * |
| Defendants. | * |

O R D E R

While shopping at a Dollar Tree Store, Rowena Daniels fell after colliding with a freestanding shelf that was leaning against a shelving unit. Daniels brings this personal injury action asserting a claim under Georgia premises liability law. Presently pending before the Court are Dollar Tree's motion for summary judgment (ECF No. 11) and Daniels's motion to engage in additional discovery pursuant to Federal Rule of Civil Procedure 56(d) (ECF No. 22). For the reasons that follow, both motions are denied.

FACTUAL BACKGROUND

Viewed in the light most favorable to Daniels, the record reveals the following facts.[1] On August 11, 2022, Daniels entered

---

[1] Dollar Tree asserts that parts of Daniels's statement of material facts should be disregarded under Local Rule 56 because they lack citations to the record. While Daniels did not provide record citations for some portions of her statements of material fact, she did provide record citations for other portions. The Court finds that Daniels's citations

a Dollar Tree store in Columbus, Georgia to purchase sympathy cards and pens.  When she entered the store, she proceeded to an aisle which had cards on one side and pens on the other.  In doing so, she walked past a separate shelving unit display that was between the main aisles of the store and the checkout area.  Daniels Dep. 133:2-14; 134:1-15 (ECF No. 16-2).  As she walked to the aisle, she noticed an employee who was stocking other shelves in the same general area of the store.  *Id.* at 116:17-117:18; 136:3-10.

Once on the card and pen aisle, Daniels read different sympathy cards for a few minutes to find cards that were suitable for her needs. *Id.* at 147:6-17.  She then turned to leave the aisle the way she came and proceeded towards the checkout area.  Upon leaving the aisle, she walked into an object and fell to the ground.  After her fall, she perceived this object to be a shelf that had been leaning vertically against the shelving unit.  *Id.* at 179:14-180:15.

Daniels did not see the leaning shelf before her fall.  *Id.* at 159:4-22.  She stated in her deposition that the shelf which she collided with and the shelving unit it was leaning against were the same beige color.  *Id.* at 152:4-22.  She also stated that she did not know if the shelf was there when she entered the store or if it had been placed there during her shopping.  *Id.* at 168:2-

---

are sufficient for the Court to determine whether genuine factual disputes exist precluding summary judgment.

169:4. After her fall, Daniels's view of the shelving unit and the shelf, which had fallen to the floor, was not obstructed.

## DISCUSSION

After Dollar Tree filed its summary judgment motion, Daniels filed a motion pursuant to Federal Rule of Civil Procedure 56(d) to conduct additional discovery that Daniels claimed was necessary to respond to Dollar Tree's motion. As discussed in more detail below, the Court finds that Daniels failed to pursue discovery diligently and therefore Daniels's Rule 56(d) motion is denied. Based on the present record, however, the Court also finds that a genuine dispute of material fact exists which precludes summary judgment in favor of Dollar Tree.

**I.  Daniels's Rule 56(d) Motion**

Federal Rule of Civil Procedure 56(d) permits a court to "allow time to obtain affidavits or declarations or to take discovery" if a nonmoving party "shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition" to a motion for summary judgment. Fed. R. Civ. Proc. 56(d)(2). However, Rule 56(d) relief is not generally available to a party who had a reasonable opportunity to conduct discovery and was not diligent in doing so. *See e.g.*, *Outlaw v. Plantation Pipe Line Co.*, No. 21-11787, 2022 WL 2904084 at *4-*5 (11th Cir. July 22, 2022); *Walters v. City of Ocean Springs*, 626 F.2d 1317, 1322 (5th Cir. 1980) (affirming denial of additional

3

discovery for party who failed to make use of the discovery mechanisms that were available).[2]

Here, the affidavit supporting Daniels's Rule 56(d) motion states that to respond to Dollar Tree's summary judgment motion, Daniels needs to depose Dollar Tree manager Christina Jordan, Dollar Tree employees Lucedy Smith and Betty Cassady, and a corporate representative for Dollar Tree pursuant to O.C.G.A. § 9-11-30(b)(6). Marceaux Aff. ¶ 23, ECF No. 22-1. Daniels's counsel was well aware of these potential witnesses months before discovery closed. Dollar Tree specifically identified and provided contact information for Jordan, Smith, and Cassady in its initial disclosures which were delivered to Daniels's counsel at least five months before discovery closed. Def.'s Resp. to Pl.'s Mot. to Strike Ex. 1, Dollar Tree's Initial Disclosures 1-2, ECF No. 14-1. Yet, Daniels's counsel waited until he was served with Dollar Tree's summary judgment motion—after the discovery deadline expired—to attempt to take their depositions. While counsel had no obligation to take those depositions at all, reasonable diligence required him to pursue them during the discovery period or suffer the consequences. Considering Daniels's failure to pursue any of

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to close of business on September 30, 1981.

4

these depositions during the months-long discovery period, the Court denies Daniels's Rule 56(d) motion.[3]

## II. Dollar Tree's Motion for Summary Judgment

The next question is whether summary judgment is warranted based on the present record. In making this determination, the Court is guided by the well-established standard: summary judgment may be granted only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether a *genuine* dispute of *material* fact exists to defeat a motion for summary judgment, the evidence is viewed in the light most favorable to the party opposing summary judgment, drawing all justifiable inferences in the opposing party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). A fact is *material* if it is relevant or necessary to the outcome of the suit. *Id.* at 248. A factual dispute is *genuine* if the evidence would allow a reasonable jury to return a verdict for the nonmoving party. *Id.*

To determine whether a genuine and material factual dispute exists, the Court first identifies the essential elements of Daniels's claim. "In order to recover on a premises liability claim" under Georgia law, "a plaintiff must show (1) that the

---

[3] Although Dollar Tree did not fully comply with all of its discovery disclosure obligations, those failures do not excuse Daniels's counsel's lack of diligence in pursuing discovery.

defendant had actual or constructive knowledge of the hazard; and (2) that the plaintiff lacked knowledge of the hazard despite the exercise of ordinary care due to actions or conditions within the control of the owner." *John v. Battle Station, LLC*, 877 S.E.2d 702, 705 (Ga. Ct. App. 2022) (quoting *D'Elia v. Phillips Edison & Co.*, 839 S.E.2d 721, 723 (Ga. Ct. App. 2020)).[4] The central issue raised by Dollar Tree's summary judgment motion is whether Daniels lacked knowledge of the hazard despite exercising ordinary care.

Where a plaintiff's claim involves an open and obvious static condition, a plaintiff who "has successfully negotiated [the static condition] on a previous occasion . . . is presumed to have knowledge of it and cannot recover for a subsequent injury resulting therefrom." *Id.* at 706 (quoting *Anderson v. Reynolds*, 502 S.E.2d 782, 784 (Ga. Ct. App. 1998)). A static condition is "one that does not change and is dangerous only if someone fails to see it and walks into it." *Id.* at 705 (quoting *D'Elia*, 839 S.E.2d at 723). To preclude recovery, the static condition must be "readily discernible to a person exercising reasonable care for his own safety." *Id.* at 706 (quoting *Martin v. Dunwoody-Shallowford Partners*, 458 S.E.2d 388, 389 (Ga. Ct. App. 1995)).

Here, Dollar Tree argues that the shelf which was leaning against the shelving unit was a static condition present when

---

[4] Neither party disputes that Georgia law applies in this diversity action where the events giving rise to the action occurred in Georgia.

6

Daniels walked past the shelving unit the first time on her way to the card and pen aisle. Relying upon *Wright v. K-Mart Corp.*, 650 S.E.2d 300 (Ga. Ct. App. 2007), Dollar Tree maintains that Daniels is thus deemed to have been aware of the alleged hazardous static condition, and her failure to negotiate her way safely around it when leaving the aisle prevents her recovery as a matter of law. The Court finds *Wright* distinguishable. In *Wright,* the plaintiff admitted that "he had been able to see the offending shelf corner for ten seconds before he [tripped on it and] fell." *Wright*, 650 S.E.2d at 301. It was thus undisputed in *Wright* that the hazard was an open and obvious static condition. Moreover, the alleged hazard was not only observable by the plaintiff but actually observed by the plaintiff.

Here, Daniels testified that she never saw the hazard (the leaning shelf) before her fall, meaning that she did not notice it just prior to her fall or on her first pass on her way to the card and pen aisle. Her failure to see it on her first pass could have been because she was not paying attention, the leaning shelf was not there at that time, or the shelf was not reasonably observable. The present record contains no direct evidence on this issue. Dollar Tree has produced no testimony or documentary evidence showing whether the leaning shelf was present on Daniel's first pass. It relies on the circumstantial evidence that the leaning shelf was undisputably present and visible when Daniels fell, and

7

therefore, one must infer it was present and visible when she passed it earlier. That evidence can certainly be considered by the factfinder, but it is not dispositive in light of Daniels' testimony that she did not observe the leaning shelf on her first pass and that she did not know whether it was already leaning at that point or had been placed there during her browsing. The factfinder could conclude based on this testimony, along with her testimony that she saw employees were working on store shelves when she arrived, that the shelf was not present when she initially traversed past the shelving unit.

Daniels also testified that after she fell, she noticed that the shelf was the same beige color as the shelving unit it was leaning against. The factfinder could thus conclude that the shelf blended in with that unit, making it difficult to discern the alleged hazard. Based on that circumstantial evidence, the factfinder could conclude that a reasonable shopper would not have noticed the hazard. At summary judgment, these inferences from the circumstantial evidence must be construed in Daniels' favor. Doing so leads to the conclusion that genuine factual disputes exist.

This case is not complicated. Dollar Tree apparently left a shelf leaning up against a shelving unit near an aisle of its store that it knew would be traversed by customers. That shelf allegedly blended in with the shelving unit. Reasonable shoppers would not

generally expect a detached shelf to be extending into their path. After all, the purpose of the shelf displays is to attract the shopper's attention to the merchandise on the shelves.  Dollar Tree, like other retailers, purposefully seeks to direct the shopper's attention to their product, which necessarily distracts them from focusing on the aisle path.  And there is certainly nothing wrong with that, unless they leave something laying in the aisle path that could cause someone focused on the merchandise to fall.  Of course, shoppers have a duty to exercise ordinary care for their own safety and cannot simply walk the shopping aisles blindly.  But under the circumstances presented here, whether the shelf was present when Daniels initially passed the shelving unit or whether a reasonably careful shopper should have seen the stray shelf and avoided it are jury questions.  Accordingly, the Court denies Dollar Tree's summary judgment motion.

## CONCLUSION

For the foregoing reasons both Daniels's Rule 56(d) motion (ECF No. 22) and Dollar Tree's summary judgment motion (ECF No. 11) are denied.  The parties are notified that the Court intends to try this action during its September 2024 trial term.

IT IS SO ORDERED, this 25th day of April, 2024.

S/Clay D. Land
CLAY D. LAND
U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA